IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| FREDERICK BANKS, | ) | |
|---|---|---|
| Plaintiff, | ) ) | Civil Action No. 2:13-cv-1712 |
| v. | ) ) ) | Judge Nora Barry Fischer |
| DICTORATE, SCIENCE & TECHNOLOGY CENTER (CIA), et al., | ) ) ) ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| Defendants. | ) ) | |

# REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that Plaintiff's Complaint be dismissed with prejudice as frivolous and for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

## II. REPORT

Frederick Banks ("Plaintiff") is a federal prisoner currently confined at the Northeast Ohio Correctional Center in Youngstown, Ohio. Prior to his incarceration, he initiated this action in the United States District Court for the Middle District of Pennsylvania on October 21, 2013.[1] Along with his Complaint, he submitted for filing a

---

[1] At the time Plaintiff instituted this civil action, he was not incarcerated, having been released sometime in May of 2013. He was arrested on October 23, 2013 for alleged violations of the conditions of supervised release. See Docket No. 2:04-cr-176, W.D.Pa, ECF Nos. 673, 676, 702. After several hearings, on 11/26/13, Judge Conti entered Judgment finding Plaintiff violated a condition of supervised release and sentenced him to 14 months imprisonment, with six months of supervised release to be served at a community confinement center. Id., ECF No. 715.

1

Motion for Leave to Proceed *in forma pauperis*. The case was transferred to this Court on December 2, 2013, without ruling on the Motion for Leave to Proceed *in forma pauperis* (ECF No. 2), thus leaving that motion for the transferee court to decide. This Court subsequently granted Plaintiff's request to proceed *in forma pauperis,* and now, conducts the initial screening of the Complaint required by 28 U.S.C. §1915(e)(2).

A. **Factual Background**

Plaintiff is a former federal inmate who was incarcerated in the Bureau of Prisons from June 2004 to May 2013. (Compl. ¶1, ECF No. 1.) Plaintiff asserts a claim in excess of $300 million in damages against a litany of government officials and federal agencies (Compl., ECF No. 1 at 5 & 17), and seeks a writ of mandamus and injunctive relief against several of them.

In support, Plaintiff alleges, inter alia, that while he was incarcerated, Defendants stole his Ferrari 355 and conspired to keep him from reporting it using a technology know to the public at large as "Voice to Skull" and "Remote Neural Monitoring." (Compl. ¶1.) Plaintiff further alleges that the Dictorate at the CIA Science and Technology Center authorized a terror campaign in the form of electronic harassment using Voice to Skull and MKUltra technology to harass him at work and in all aspects of his daily life, because he filed over 800 lawsuits against the government. (Compl. Preamble, ECF No. 1 at 3-4.) Plaintiff also alleges that the NSA director, and officials and their agents named in the Complaint used Voice to Skull technology to harass and annoy him in his daily life, and in the practice of his Wiccan religion, "because of their propensity as Christians and their inherent belief that Pagans and Wiccans and practioners (sic) of Witchcraft are 'Evil'." (*Id.*, ECF No. 1 at 4.)

2

In addition, Plaintiff requests that the U.S. Attorney be compelled to present evidence of this criminal wrongdoing to a grand jury pursuant to 18 U.S.C. §3332, and that the Secretary of the Interior be compelled to effect the arrest of these agents, so that they can be prosecuted to the full extent of the law, citing to the Sioux Treaty of 1868, 15 Stat. 635 (1868). (*Id.*) Plaintiff maintains that the Defendants' activities violated his rights under the First, Fourth, Fifth, and Eighth Amendments, and created a state religion—namely, Christianity—in violation of the Establishment Clause of the First Amendment. (*Id.*) Plaintiff further avers that Defendants Clapper, Blair, Gompert, Bush, and Obama did not stand idly by but participated in the day to day running of this harassment by monitoring such activities. (*Id.*)

In his Complaint, Plaintiff also requests class action certification under Rule 23 and the appointment of class counsel, for a class consisting of one million persons currently being harassed by the government and NSA using Voice to Skull and Remote Neural Monitoring technology and individuals under the NSA's behavioral modification program. (*Id.*, ECF No.1 at 5.) Plaintiff avers that class certification is necessary to securing damages in the amount of $10,000 against the United States for the negligence of Defendants pursuant to the Little Tucker Act because defendants had a duty as officers of the United States to keep Plaintiff and the class from harm. As a result of that negligence, Plaintiff alleges that he and the class were damaged in the amount of $200 million. (*Id.*)

In addition, Plaintiff alleges that Defendants at SIS Davenport and the FCC Forrest City were all aware that Voice to Skull technology was being operated against him but did nothing to intervene or stop it. (Compl. ¶8.) Plaintiff avers that these

3

Defendants also possessed actual knowledge of the agents or agencies that actually possessed Banks' stolen Ferrari. (*Id.*) Plaintiff contends that this "activity" violated the Electronic Communications Act, as amended, the Privacy Act, his First Amendment right to privacy, and was an unlawful invasion without probable cause in violation of the search and seizure clause of the Fourth Amendment. (Compl. ¶9.)

As a result of the alleged acts of Defendants, Banks asserts claims for alleged violations of his due process rights and rights under the First and Fourth Amendments; an alleged violation of his property rights as an American Indian under the Northwest Ordinance of 1787, as well as the "bad men" clause of the Sioux Treaty of Fort Laramie, 15 Stat. 635 (1868); negligent and intentional interference with his contractual relations with companies with which he did business; negligent and intentional infliction of emotional distress; negligence; wanton infliction of pain, cruel and unusual punishment; gross negligence; strict liability; and alleged violations of the Tucker Act and Little Tucker Act. (Compl. ¶10.)

For relief, Banks seeks a writ of mandamus ordering Congressman Mike Doyle to further investigate the other Defendants' use of Voice to Skull and Remote Neural Monitoring technology to harass him, as well as an order enjoining Defendants from employing Voice to Skull technology, harassing electronic communications and non-lethal weapons against him. (Compl. ¶17.) In addition, Banks seeks monetary relief in the amount of $100,000,000.00, plus $27,000.00 in actual damages for the vehicle, and seeks an order of court directing Defendants to either return the vehicle to him or issue a check for replacement of the Ferrari vehicle, along with interest and costs. (Compl. ¶¶10, 17.)

4

## B. Legal Standard

Plaintiff is proceeding pro se and as such, he is entitled to liberal construction of his submissions in federal court. This means that the Court must liberally construe the factual allegations of the complaint because pro se pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation omitted); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In addition, the court should "'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'" *Higgins v. Beyer,* 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veterans Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)). See also *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting *Higgins*, 293 F.3d at 688). However, pro se litigants are not free to ignore the Federal Rules of Civil Procedure. *Pruden v. Long*, Civ. A. No. 3:CV-06-2007, 2006 WL 3325439, *1 (M.D.Pa. Oct. 24, 2006).

Pursuant to 28 U.S.C. §1915(a), Plaintiff requested and has been granted leave to proceed *in forma pauperis.* Thus, his allegations must be reviewed in accordance with the directives provided in 28 U.S.C. §1915(e)(2). Section 1915(e)(2), as amended, requires the federal courts to review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). "[A] complaint…is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*,

490 U.S. 319, 325 (1989); *Hawkins v. Coleman Hall*, C.C.F., No. 11-3467, 2011 WL 5970977, at *2 (3d Cir. Nov. 30, 2011) ("An appeal is frivolous when it lacks an arguable basis either in law or fact." (citing *Neitzke, supra*). Thus, under §1915(e)(2)(B), courts are "authorized to dismiss a claim as frivolous where 'it is based on an indisputable meritless legal theory or where the factual contentions are clearly baseless.'" *O'Neal v. Remus*, No. 09-14661, 2010 WL 1463011, at *1 (E.D.Mich. Mar. 17, 2010) (quoting *Price v. Heyrman*, No. 06-C-632, 2007 WL 188971, at *1 (E.D.Wis. Jan. 22, 2007) (citing *Neitzke*, 490 U.S. at 327)).

In determining whether a claim fails to state a claim upon which relief may be granted for purposes of Section 1915(e)(2)(B), courts apply the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *D'Agostino v. CECOM RDEC*, 436 F. App'x 70, 72 (3d Cir. 2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)). A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The court of appeals has expounded on this standard in light of its decision in *Phillips v. County of Allegheny,* 515 F.3d 224 (3d Cir. 2008) (construing *Twombly* in a civil rights context), and the Supreme Court's decision in *Iqbal*:

> After *Iqbal,* it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1949. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1948. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See Id.* at 1949-50; *see also Twombly,* 505 U.S. at 555, & n. 3.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). In making this determination, the court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985). "To the extent that a complaint filed *in forma pauperis* which fails to state a claim lacks even an arguable basis in law, Rule 12(b)(6) and §1915([e]) both counsel dismissal." *Neitzke,* 490 U.S. at 328 (footnote omitted).

### C. Discussion

In his Complaint, Banks is attempting to re-litigate claims which have previously been conclusively resolved by federal courts both in this District, the Middle District of Pennsylvania, and the Eastern District of Arkansas, within the last nine months. In conducting the initial screening required under Section 1915(e)(2), this Court possesses the authority to apply the doctrines of claim preclusion, also referred to as res judicata, and issue preclusion, also referred to as collateral estoppel, *sua sponte*. *Guider v. Mauer,* Civ. No. 1:CV-09-1915, 2009 WL 4015568, *1 (M.D.Pa. Nov. 19, 2009) (citing *Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002); *Ezekoye v. Ocwen Federal Bank*

7

*FSB*, 179 F. App'x 111, 114 (3d Cir. 2006) (non-precedential)); *see also Arizona v. California,* 530 U.S. 392, 412 (2000) (a court may dismiss the action *sua sponte*, even though a preclusion defense has not been raised, in special circumstances such as where "a court is on notice that it has previously decided the issue presented.")  The Supreme Court noted that "[t]his result is fully consistent with the policies underlying res judicata:  it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste."  *Arizona,* 530 U.S. at 412 (citation omitted).  Indeed, in *Ali v. Higgs,* 892 F.2d 438, 440 (5th Cir. 1990), the court of appeals raised *sua sponte* the affirmative defense of res judicata in an *in forma pauperis* action in which the defendants had yet to enter their appearance or file an answer to the complaint.  The *Ali* court explained:  "Where . . . the affirmative defenses [of limitations and res judicata] are both obvious and facially meritorious[,]" courts "should have the latitude in the absence of the defendant, . . . to effect the salutary principles of section 1915(d) by ending the litigation where the plaintiff has no basis on which to succeed."  *Id.* at 440.[2]

In the case at bar, the doctrines of claim preclusion and issue preclusion apply and compel dismissal of all of the previously litigated claims that Banks asserts in this lawsuit.  "'Claim preclusion . . . gives dispositive effect to a prior judgment if the particular issue, albeit not litigated in the prior action, could have been raised.'"  *Bradley v. Pittsburgh Bd. of Educ.,* 913 F.2d 1064, 1070 (3d Cir. 1990) (quoting *McNasby v.*

---

[2] *Ali* was decided prior to the Prison Litigation Reform Act of 1995, Pub. L. 104-134, 110 Stat. 1321 (Apr. 26, 1996), which amended 28 U.S.C. §1915 by moving the pre-screening language (i.e., court shall dismiss the case at any time if it determines that the action is frivolous or malicious, or fails to state a claim on which relief may be

*Crown Cork & Seal Co.*, 888 F.2d 270, 275 (3d Cir.1989)). Claim preclusion will apply where the following three factors have been established: "'(1) a final judgment on the merits in a prior suit involving (2) the same claim and (3) the same parties or their privies.'" *United States v. 5 Unlabeled Boxes,* 572 F.3d 169, 173 (3d Cir. 2009) (quoting *EEOC v. United States Steel Corp.,* 921 F.2d 489, 493 (3d Cir. 1990)).

On the other hand, issue preclusion bars re-litigation of an issue that has already been actually litigated. *Peloro v. United States,* 488 F.3d 163, 174-75 (3d Cir. 2007). As the court of appeals explained in *Peloro*:

> "The prerequisites for the application of issue preclusion are satisfied when: '(1) the issue sought to be precluded [is] the same as that involved in the prior action; (2) that issue [was] actually litigated; (3) it [was] determined by a final and valid judgment; and (4) the determination [was] essential to the prior judgment.'" *Burlington Northern Railroad Co. v. Hyundai Merch. Marine Co.*, 63 F.3d 1227, 1231–32 (3d Cir.1995) (quoting *In re Graham*, 973 F.2d 1089, 1097 (3d Cir.1992)); *see also Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). In its classic form, collateral estoppel also required "mutuality"— i.e., that the parties on both sides of the current proceeding be bound by the judgment in the prior proceeding. *Parklane Hosiery*, 439 U.S. at 326–27, 99 S.Ct. 645. Under the modern doctrine of non-mutual issue preclusion, however, a litigant may also be estopped from advancing a position that he or she has presented and lost in a prior proceeding against a different adversary. *See Blonder–Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 324, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971); *Parklane Hosiery*, 439 U.S. at 329, 99 S.Ct. 645. For defensive collateral estoppel—a form of non-mutual issue preclusion—to apply, the party to be precluded must have had a "full and fair" opportunity to litigate the issue in the first action. *See Parklane Hosiery*, 439 U.S. at 328, 332, 99 S.Ct. 645; *Blonder–Tongue Labs.*, 402 U.S. at 331, 333, 91 S.Ct. 1434.

---

granted) to subsection (e)(2).

*Id.* at 174-75 (footnote omitted). Federal common law principles of issue preclusion are applied here since this Court is examining the preclusive effect of prior federal court actions. *Id.* at 175 n. 11 (citing *Paramount Aviation Corp. v. Agusta,* 178 F.3d 132, 145 (3d Cir. 1999)).

All of the requirements for application of claim/issue preclusion are present in the case at bar. Plaintiff previously filed an identical complaint in *Banks v. Dictorate, Science & Technology Center (CIA), et al.,* in the Middle District of Pennsylvania at Docket No. 1:13-cv-2664 ("Middle District Complaint"), against the same defendants and asserting the exact same facts and claims as those presented in the case at bar, with one exception—the Complaint in the instant matter names several additional defendants not named in the Middle District Complaint. Those defendants are "10 or more CIA Scientist and Staff Members Monitoring Plaintiff"; "Office of the CIA Inspector General"; and "USA Inspector General". In the civil action filed at Docket No. 1:13-cv-2664, the district court dismissed the Middle District Complaint with prejudice as frivolous and for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii). *See* Order dated 12/5/13, ECF No. 4, and Report & Recommendation, ECF No. 3, in Docket No. 1:13-cv-2664, M.D.Pa.[3]

In addition, this Court previously addressed and dismissed as frivolous: (1) Plaintiff's claim that the government seized his Ferrari and failed to return it to him, *see* Report & Recommendation at 4-5, ECF No. 7, and Memorandum Order dated 11/6/13

---

[3] The Middle District recently dismissed as frivolous another civil action filed by Banks asserting similar claims against different defendants. *See Banks v. Director, Office of Science & Tech., Behavioral Modification Unit,* Civil No. 1:14-cv-5, 2014 U.S. Dist. LEXIS 8914 (M.D.Pa. Jan. 6, 2014).

(ECF No. 10), in *Banks v. Unknown Named Number of U.S. Postal Inspectors, et al.,* Docket No. 2:13-cv-1198, W.D.Pa. (noting that this claim was previously addressed by Judge Conti in his criminal case at Docket No. 2:04-cr-176, ECF Nos. 552 & 559, W.D.Pa.); (2) Plaintiff's claim that many of the same defendants were harassing him through the use of Voice to Skull and Remote Neural Monitoring technology, *see* Report & Recommendation at 5-7, ECF No. 7, and Memorandum Order dated 11/6/13 (ECF No. 10), in *Banks,* Docket No. 2:13-cv-1198, W.D.Pa. (noting that Banks asserted almost identical claims as those asserted in Docket No. 2:13-cv-1025, W.D.Pa. against some of the same defendants, which this Court found to be frivolous (Report and Recommendation, ECF No. 8)); *see also* Report & Recommendation at 11-12, ECF No. 7, in *Banks v. State Farm, et al.,* Docket No. 13-1151, W.D.Pa. (noting four other district court cases brought by Banks, three in the Western District of Pennsylvania and one in the Eastern District of Arkansas,[4] involving almost identical claims which the courts found to be frivolous); (3) Plaintiff's damage claims under the Sioux Treaty of Fort Laramie and the Northwest Ordinance, *see* Report and Recommendation at 9-10, ECF No. 7, in *Banks v. State Farm, et al.,* Docket No. 13-1151, W.D.Pa.; (4) Plaintiff's request for an order directing the U.S. Attorney to present evidence of alleged criminal wrongdoing to a grand jury pursuant to 18 U.S.C. §3332, *see id.* at 10; and (5) Plaintiff's request for writ of mandamus against Congressman Doyle, *see id.* at 8 (also noting that dismissal was warranted for failing to allege any facts to show a plausible mandamus action under *Twombly*).

---

[4] *See* Order dated 7/3/13, ECF No. 7, Docket No. 4:13-cv-382-BSM, E.D.AR.

Thus, (1) the issues/claims sought to be precluded are the same as those involved in the prior actions; (2) the issues/claims were actually litigated; (3) the issues/claims were determined by a final and valid judgment; and (4) the determinations were essential to the prior judgments. Therefore, the claims against the Defendants are barred by the doctrines of claim and issue preclusion, and therefore, should be dismissed as frivolous and for failure to state a claim upon which relief may be granted.

As to the defendants newly named in this action—10 or more CIA Scientist and Staff Members monitoring Plaintiff; Office of the CIA Inspector General, and USA Inspector General—the claims against them are likewise barred by the modern doctrine of non-mutual issue preclusion. *See Peloro,* 488 F.3d at 175. It is clar from the decisions in the prior cases that Plaintiff had a full and fair opportunity to litigate Defendants' alleged use of Voice to Skull and Remote Neural Monitoring technology to harass him. Even if Plaintiff's claims against the newly added defendants were not barred by issue preclusion, they should be dismissed as frivolous. The underpinning of Plaintiff's claims is that the various officials are using Voice to Skull and Remote Neural Monitoring technology to harass him. Such allegations are frivolous as they rely on "'fantastic or delusional scenarios.'" *DeGrazia v. Fed. Bureau of Investigation,* 316 F. App'x 172, 173 (3d Cir. 2009) (quoting *Neitzke,* 490 U.S. at 328).[5] Plaintiff fails to

---

[5] *See also Pavalone v. Bush*, No. 3:11-1620, 2012 U.S. Dist. LEXIS 61974 (M.D. Pa. March 27, 2012) ("Within the Third Circuit, courts have found that allegations which are considered fanciful, fantastic, and delusional are to be dismissed as frivolous.") (numerous citations omitted); *Frazier v. Southwoods State Prison*, No. 06-0096, 2006 U.S. Dist. LEXIS 20832 (D. N.J. April 17, 2006) ("In accordance with the Supreme Court's guidance articulated in *Neitzke* and *Denton*, courts across the nation dismissed claims based on sets of facts that were qualified as 'fanciful, fantastic and delusional.'") (numerous citations omitted); *Simmons v. Beard*, No. 3:13-0254, 2013 U.S. Dist. LEXIS

12

assert any facts to show or suggest what actions the newly named defendants allegedly took, or when these actions allegedly occurred, but merely lumps them together in his generic reference to "Defendants" throughout his disorganized ramblings and conclusory allegations. As these allegations were previously determined to be frivolous and, in any event, are insufficient under *Twombly,* the Court finds the claims against the newly added defendants should also be dismissed as frivolous and for failure to state a claim upon which relief may be granted.

Similarly, Plaintiff's request for class action certification under Rule 23 and the appointment of class counsel is completely lacking in an arguable factual or legal foundation. The claims which he intends to assert on behalf of the class have been deemed frivolous by several courts. Moreover, a purported class described as "one million persons currently being harassed by the government and NSA using Voice to Skull and Remote Neural Monitoring technology and individuals under the NSA's behavioral modification program" is delusional, and thus, frivolous.

This Court recognizes that the United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to

---

69814 (M.D. Pa. May 16, 2013) (allegations that microchips and microchip batteries have been implanted into plaintiff for purposes of mind control and torture were subject to dismissal as frivolous); *Noble v. Becker*, No. 03-906-KAJ, 2004 U.S. Dist. LEXIS 480 (D. Del. Jan. 15, 2004) (claims that government officials and others had engaged in a vast conspiracy to violate his constitutional rights were delusional); *Williams v. Werseter*, No. 94-3839, 1994 U.S. Dist. LEXIS 8901 (E.D. Pa. June 30, 1994) (plaintiff's claim that he had uncovered evidence of a conspiracy by the former mayor to commit sabotage and espionage in order to establish ecclesiastical law and in some way interfere with U.S. commerce were fanciful, fantastic, or delusional); *Robinson v. Love*, 155 F.R.D. 535 (E.D. Pa. 1994) (where plaintiff alleged that he was subjected to witchcraft and attempts to poison him with cyanide, the allegations were fanciful, fantastic or delusional).

amend a deficient complaint—regardless of whether the plaintiff requests to do so—when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). Because this Court has determined that the claims against the Defendants are frivolous, the Court finds it would be futile to allow Banks to amend his Complaint, especially where, as here, he has tried on numerous occasions in various federal courts to raise the same claims and they were dismissed each time as frivolous. *See Lopez v. Smith*, 203 F.3d 1122, 1127 n. 8 (9th Cir. 2000) ("When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend.").

### D. **Conclusion**

For the reasons set forth above, the Court recommends that Plaintiff's Complaint be dismissed with prejudice as frivolous and for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: March 7, 2014

BY THE COURT:

LISA PUPO LENIHAN
Chief U. S. Magistrate Judge

cc: Frederick Banks
P.O. Box 42303
Pittsburgh, PA 15203
*Via First Class Mail*

Frederick Banks,
USMS #05711-068
Northeast Ohio Correctional Center
2240 Hubbard Road
Youngstown, OH 44505
*Via First Class Mail*